**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
November 2, 2010

Lyle W. Cayce
Clerk

No. 08-20757
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDWARD LIONEL BLAKE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:98-CR-215-ALL

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Edward Lionel Blake, federal prisoner # 70357-079, filed a § 18 U.S.C. 3582(c)(2) motion for reduction of sentence based on the retroactive amendments to the crack cocaine Sentencing Guidelines.  The district court found that Blake was not eligible for a reduction because he had been sentenced as a career offender.

Blake first moves for appointment of counsel on appeal.  Although we have not held that a defendant is entitled to counsel when appealing a § 3582 motion,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

we have found that we have discretion to appoint counsel "in the interest of justice." *United States v. Robinson,* 542 F.3d 1045, 1052 (5th Cir. 2008). Because we conclude that the district court correctly found that Blake was not eligible for relief, we decline to exercise our discretion to appoint counsel.

Section 3582(c)(2) permits the discretionary reduction of a defendant's sentence where the applicable sentencing range is later lowered by the Sentencing Commission. *See* § 3582(c)(2); *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir.), *cert. denied,* 130 S. Ct. 517 (2009). A district court's decision whether to reduce a sentence is reviewed for an abuse of discretion, and its interpretation of the Guidelines is reviewed de novo. *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009), *cert. denied*, 130 S. Ct. 3462 (2010). Because the district court's denial of Blake's motion was based on its determination that Blake was not eligible for a reduction due to his career offender status under the Sentencing Guidelines, review is de novo. *See Doublin,* 572 F.3d at 237.

Blake argues that he is not precluded from receiving a reduction merely because he was sentenced as a career offender and that the calculation of an offense level based on the amount of drugs still is relevant. However, when a defendant is sentenced as a career offender, the "base offense level is moored to the statutory maximum penalty of the underlying crime," not the drug amount *United States v. Anderson*, 591 F.3d 789, 790 & n.4 (5th Cir. 2009). Therefore, Blake "was not sentenced based on a sentencing range that was subsequently lowered by the Sentencing Commission." *Id.* at 791 & n.8 (internal quotations and citation omitted). The district court was correct in concluding that Blake was not eligible for a reduction under § 3582(c)(2). *See id.* at 790-91.

Blake also argues that, because the guidelines are no longer mandatory following *United States v. Booker,* 543 U.S. 220 (2005), the requirements of § 1B1.10 that limit sentencing reductions also are not mandatory. In *Doublin,* we held that *Booker* does not apply and does not alter the mandatory character of § 1B1.10's limitations on sentence reductions. *Doublin,* 572 F. 3d at 238. The

No. 08-20757

Supreme Court also has held that *Booker* does not apply to § 3582(c)(2) proceedings. *Dillon v. United States,* 130 S. Ct. 2683, 2692 (2010).

AFFIRMED; MOTION DENIED.