# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10568
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

February 6, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESSIE BUSTAMANTE,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-329-3

Before DAVIS, BENAVIDES, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jessie Bustamante, federal prisoner # 37141-177, was granted a reduction in sentence under 18 U.S.C. § 3582(c)(2) pursuant to Amendment 782 of the Sentencing Guidelines. He appeals the denial of his motion for reconsideration and the denial of his request for the appointment of appellate counsel.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-10568

We review the denial of the motion for reconsideration for an abuse of discretion. *See United States v. Rabhan,* 540 F.3d 344, 346-47 (5th Cir. 2008). Bustamante argues that he should be allowed to challenge factual findings made at his original sentencing, particularly the issue of drug quantity. However, a § 3582(c)(2) proceeding is not a full resentencing or an opportunity to challenge the original sentence. *Dillon v. United States*, 560 U.S. 817, 825-26 (2010). Thus, claims regarding the validity of the original conviction and sentence are not cognizable in a § 3582(c)(2) motion. *See United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011). Consequently, Bustamante has shown no abuse of discretion.

He has similarly not shown an abuse of discretion on the part of the district court in denying his request for the appointment of appellate counsel. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007). Bustamante has not shown that the interests of justice require the appointment of appellate counsel, as he has failed to raise a nonfrivolous issue on appeal. *See United States v. Blake*, 408 F. App'x 785, 786 (5th Cir. 2010).

Finally, Bustamante argues for the first time on appeal pursuant to § 3582(c)(2) that he is entitled to relief under Amendment 484 of the Guidelines. We generally will not consider new theories of relief raised for the first time on appeal absent exceptional circumstances. *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Regardless, because this issue is premised on Bustamante's non-cognizable argument that the district court incorrectly calculated drug quantity at his original sentencing, he has shown no entitlement for relief. *See Hernandez*, 645 F.3d at 712.

AFFIRMED.