**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jimmy ODOM, Defendant-Appellant.**

**No. 84–4056.**

United States Court of Appeals,
Fifth Circuit.

June 25, 1984.

---

James A. McPherson, New Orleans, La., for defendant-appellant.

William C. Bryson, Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before GEE, POLITZ and RANDALL, Circuit Judges.

PER CURIAM:

Jimmy Odom was convicted of four counts of aiding and abetting the making of false statements in employee benefit plan reports. He was sentenced to five years probation and a $1000 fine on each count, and was ordered to make restitution. We affirm.

## I.

The facts underlying Odom's conviction are not in dispute; this appeal concerns the legal import of those facts. Odom was president and union steward of Local 692, Pipeline Construction Workers of America. In his capacity as union steward, he arranged on two occasions in 1979 for the assembly of union crews to work on projects for Allan Edwards Construction Company ("Edwards"). The collective bargaining agreement between Edwards and Local 692 provided that Edwards was to make contributions on behalf of the union employees to the Louisiana Laborers' Health and Welfare Plan and to the Laborers' National Pension Plan, both of which are employee benefit plans within the meaning of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* (1982) ("ERISA"). Although Odom was on Edwards' payroll for the two jobs, Odom requested Edwards not to make contributions to the benefit plans on his behalf, but instead to pay Odom's benefit plan contributions directly to Odom, which Edwards did. Odom also told Edwards to omit his name from the reports listing employees and their hours that were sent to the benefit plans along with the contributions. Again, Edwards complied, thus filing falsified reports.

Odom was convicted of four counts of aiding and abetting the making of false statements in reports submitted to employee benefit plans, in violation of 18 U.S.C. §§ 2 and 1027 (1982).[1] Following the jury's verdict, Odom filed a motion in arrest of judgment arguing that, as an employee, he could not be convicted of violating section 1027. The district court denied the motion, holding:

> The evidence clearly supported the Government's theory that defendant Odom requested Allen Edwards to omit Odom's name from the remittance reports and to pay directly to Odom those contributions which Edwards would have otherwise made to the Pension and Health and Welfare Fund. Consequently, the evidence supported a jury finding that defendant procured and induced Allen Edwards to violate 18 U.S.C. § 1027. Defendant Odom was therefore properly charged and convicted as a principal in accordance with 18 U.S.C. § 2.

## II.

On appeal, Odom contends that his conviction was improper because section 1027 applies to employers, not to employees. He asserts that ERISA was intended to protect employees from employer abuses and to place the burden of disclosure on the employer, and that as an employee he cannot be liable under section 1027.

We are not persuaded that Odom's argument has merit. His conviction was pursuant to section 2, not for the substantive violation of section 1027. It is undisputed that Edwards acted unlawfully in failing to list Odom as an employee and to make contributions on his behalf. The record reflects an ample basis on which the jury could find that Odom knowingly aided and abetted the filing of the false reports. Under 18 U.S.C. § 2, therefore, Odom was properly found to have aided and abetted

---

**1.** 18 U.S.C. § 2 provides:

(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

(b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

18 U.S.C. § 1027 provides:

Whoever, in any document required by title I of the Employee Retirement Income Security Act of 1974 (as amended from time to time) to be published, or kept as part of the records of any employee welfare benefit plan or employee pension benefit plan, or certified to the administrator of any such plan, makes any false statement or representation of fact, knowing it to be false, or knowingly conceals, covers up, or fails to disclose any fact the disclosure of which is required by such title or is necessary to verify, explain, clarify or check for accuracy and completeness any report required by such title to be published or any information required by such title to be certified, shall be fined not more than $10,000, or imprisoned not more than five years, or both.

**152**

Edwards' violation of section 1027. There is no requirement in either statute that an aider and abettor be an employer to fall within their proscriptions, nor would such a limitation comport with the general precepts of aider and abettor liability. *See, e.g., United States v. Tobon-Builes,* 706 F.2d 1092, 1100 (11th Cir.1983) (person incapable of committing substantive criminal offense if acting alone may nonetheless be convicted of aiding and abetting the violation pursuant to 18 U.S.C. § 2); *United States v. Ruffin,* 613 F.2d 408, 413 (2d Cir.1979) (same). *See also* S.Rep. No. 1020, 82d Cong., 1st Sess. (1951), *reprinted in* 1951 U.S.Code Cong. & Admin.News 2578, 2583 (purpose of § 2(b)'s "or another" language was to "clarify and make certain the intent to punish aiders and abettors regardless of the fact that they may be incapable of committing the specific violation which they are charged to have aided and abetted"). Thus, as the government correctly points out in the instant case, a defendant who is not in the class of persons to whom a substantive statute is directed may still be guilty of aiding and abetting for causing, inducing, or procuring the statutory violation. *See Standefer v. United States,* 447 U.S. 10, 18 n. 11, 100 S.Ct. 1999, 2005 n. 11, 64 L.Ed.2d 689 (1980); *United States v. Giordano,* 489 F.2d 327, 330 (2d Cir.1973).

In light of the foregoing, we hold that Odom was properly convicted pursuant to 18 U.S.C. § 2 for aiding and abetting a violation of section 1027 notwithstanding his status as an employee. Thus, we AFFIRM.