**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 05-4442**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

WANDA MARCUM,

                                        Defendant - Appellant.

———————

**No. 05-4443**

———————

UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

        versus

TOMMY MARCUM,

                                        Defendant - Appellant.

———————

Appeals from the United States District Court for the Southern
District of West Virginia, at Charleston.  David A. Faber, Chief
District Judge.  (CR-03-205; CR-03-205-2)

———————

Submitted:  August 11, 2006        Decided:  September 7, 2006

———————

Before MICHAEL and GREGORY, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

---

Herbert L. Hively, II, Hurricane, West Virginia; Tracy Weese, Shepherdstown, West Virginia, for Appellants.  Charles T. Miller, United States Attorney, L. Anna Forbes, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Wanda Marcum ("Wanda") and Tommy Marcum ("Tommy") each pled guilty to one count of mail fraud in violation of 18 U.S.C. §§ 2, 1341 (2000) and one count of aiding and abetting the use of fire to commit a federal felony in violation of 18 U.S.C. §§ 2, 844(h) (2000). The district court sentenced Wanda to 180 months in prison, three years of supervised release, and restitution. Tommy was sentenced to 101 months in prison, three years of supervised release, and restitution. On appeal, Wanda contends her sentence "was unreasonable in that the court should have used discretion and rejected the advisory guideline range." Tommy contends the district court plainly erred by failing to sua sponte dismiss the use of fire count against him for being filed outside the statute of limitations. We affirm.

We will affirm the sentence imposed by the district court as long as it is within the statutorily prescribed range and is reasonable. United States v. Hughes, 401 F.3d 540 (4th Cir. 2005). A sentence within a properly calculated advisory guideline range is presumptively reasonable. United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006). This presumption can only be rebutted by showing the sentence is unreasonable when measured against the factors under 18 U.S.C. § 3553(a) (2000). United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006), pet. for cert. filed, ___ U.S.L.W. ___ (July

21, 2006) (No. 06-5439). Even when the sentence is outside the advisory range, it will generally be deemed reasonable "if the reasons justifying the variance are tied to § 3553(a) and are plausible." United States v. Moreland, 437 F.3d 424, 434 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006).

The district court sentenced Wanda to sixty months on the mail fraud count and a consecutive ten-year term on the use of fire count. At sentencing, Wanda acknowledged she received a break due to the district court's acceptance of the parties' stipulated cap of sixty months on the mail fraud count. Prior to the cap, her advisory guideline range for that count was sixty-three to seventy-eight months. Nevertheless, she requested that the court sentence her below the sixty months based on her age of fifty-one at sentencing.

The district court considered the § 3553(a) factors and determined the sixty-month sentence on the mail fraud count was appropriate because it would result in an overall sentence that was substantial enough to satisfy the statutory objectives of sentencing, including deterring others from engaging in the same kind of fraudulent conduct. On appeal, Wanda conclusorily asserts a lesser sentence would have been adequate to punish her, deter further crime, and protect society. We have reviewed the record and conclude her sentence was reasonable.

Tommy contends the district court plainly erred by failing to sua sponte dismiss count one of the superseding indictment filed on December 3, 2003, charging him with a violation of 18 U.S.C. §§ 2, 844(h) occurring on March 27, 1994. He notes that Wanda waived her right to indictment within the statute of limitations as to the one-count information filed against her and asserts it concerned the same charge. However, the one-count information filed against Wanda charged her with mail fraud in violation of 18 U.S.C. §§ 2, 1341 to which a five-year period of limitation applies. The charge that Tommy challenges on appeal is subject to a ten-year period of limitation. See 18 U.S.C. § 3295 (2000). Thus, this issue is without merit.[*]

Accordingly, we affirm the convictions and sentences of both defendants. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

---

[*]As noted by the Government, Tommy does not raise an ex post facto argument on appeal, but it would also be without merit. The effective date of 18 U.S.C. § 3295, which extended the period of limitation from five to ten years, was April 24, 1996. Because the change was effective within the original five-year limitations period then applicable to the use of fire count under 18 U.S.C. § 3282(a), there was no ex post facto violation. See United States v. Jeffries, 405 F.3d 682, 685 (8th Cir.) ("The law is well settled that extending a limitations period before prosecution is barred does not violate the ex post facto clause."), cert. denied, 126 S. Ct. 631 (2005).