REVISED AUGUST 29, 2008

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

**United States Court of Appeals
Fifth Circuit**

**F I L E D**

August 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-60599

UNITED STATES OF AMERICA

Plaintiff - Appellant

v.

ERWIN DAVID RABHAN

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi

Before JONES, Chief Judge, and WIENER and CLEMENT, Circuit Judges.

WIENER, Circuit Judge.

Plaintiff-Appellant United States of America ("the government") appeals the district court's denial of its motion to reconsider the dismissal of Count Eight of an indictment against Defendant-Appellee Erwin David Rabhan that charged Rabhan with aiding and abetting a violation of 18 U.S.C. § 1014 (2000). The district court, applying the five-year statute of limitations contained in 18 U.S.C. § 3282(a), concluded that the limitations period had expired and dismissed the count. As we conclude that the ten-year statute of limitations in 18 U.S.C. §

3293 applies to this charge, we reverse the district court's order denying the government's motion to reconsider and we remand.

## I. FACTS AND PROCEEDINGS

On August 24, 2006, as part of an eleven-count indictment naming four other defendants, Rabhan was charged with one count of conspiracy in violation of 18 U.S.C. § 371 and four counts of making false statements in violation of 18 U.S.C. § 1014. The indictment also alleged that the four other defendants had willfully made false statements and reports to facilitate the overvaluing of land for the purpose of influencing the action of the Rural Development Administration and Gulf Coast Bank & Trust Company ("GCBT"), the accounts of which were insured by the Federal Deposit Insurance Commission. The alleged scheme centered around the purchase of a catfish farm in Mississippi and partially involved submitting invoices for the seining of ponds—catching fish with a particular type of net—that never actually occurred.

Rabhan filed a motion to dismiss three of the false statement counts for lack of venue and also filed a motion to dismiss Count Eight of the indictment, which charged him with aiding and abetting only, as time barred. The district court granted both motions. With regard to the motion to dismiss Count Eight of the indictment, the district court determined that the five-year statute of limitations of 18 U.S.C. § 3282(a) applied and that it had run. The government filed a motion to reconsider, which the district court denied. The government then filed this interlocutory appeal, challenging the district court's denial of its motion to reconsider dismissal of Count Eight of the indictment.

In Count Eight, the indictment charged that, in or about October 2000, Rabhan aided and abetted a violation of 18 U.S.C. § 1014. The federal grand jury returned the indictment against Rabhan on August 24, 2006, more than five years, but less than ten years after the events alleged.

The government concedes that Count Eight of the indictment charged

2

Rabhan with only aiding and abetting a violation of § 1014; it did not allege a substantive violation of § 1014.

## II. ANALYSIS

### 1. Standard of Review

We generally review the denial of a motion to reconsider for abuse of discretion.[1] The standard varies, however, depending on the underlying judgment because "an appeal from a denial of a motion to reconsider necessarily raises the underlying judgment for review."[2] If "the underlying judgment was based in part" on the district court's "interpretation and application of a legal precept, our review is plenary."[3] As the underlying judgment in this case involves a question of statutory interpretation, we review the order of the district court de novo.[4]

"[T]he starting point for interpreting a statute is the language of the statute itself."[5] In interpreting criminal statutes, we follow the "plain and unambiguous meaning of the statutory language," interpreting terms that are not defined in the statute "according to their ordinary and natural meaning," and in accordance with the "overall policies and objectives of the statute."[6] If possible, a statute must "be construed in such fashion that every word has some operative effect."[7] We will use the title of a statute to resolve "putative

---

[1] United States v. Hassan, 83 F.3d 693, 697 (5th Cir. 1996) (per curiam).

[2] Id. (internal quotation marks omitted).

[3] Id.

[4] United States v. Gunera, 479 F.3d 373, 376 (5th Cir. 2007).

[5] United States v. Kay, 359 F.3d 738, 742-43 (5th Cir. 2004) (internal quotation marks omitted).

[6] Id.

[7] Id.

ambiguities."[8]  Limitations on criminal statutes "are to be liberally interpreted in favor of repose."[9]

2. Merits

This case requires us to determine whether the ten-year statute of limitations in 18 U.S.C. § 3293[10] or the five-year statute of limitations in 18 U.S.C. § 3282(a)[11] applies to aiding and abetting a violation of 18 U.S.C. § 1014. Section 3282(a) establishes the default federal statute of limitations when no other limitations period is "expressly provided by law." Section 3293 alters that default rule for violations of § 1014, among others, by extending the limitations period from five to ten years.

Rabhan argues that because he was charged through the aiding and abetting provisions of 18 U.S.C. § 2 with aiding and abetting a violation of § 1014, the default statute of limitations in § 3282(a), rather than the longer period contained in § 3293, applies. He correctly points out that if § 2 creates a separate offense from § 1014, there is no express provision in § 3293 to alter the five-year default rule found in § 3282(a). Section 2 is this kind of separate offense, he argues, because (1) a 1951 change in its language, from specifying that an aider and abettor "is" a principal to "is to be punished" as a principal, indicates a congressional intent to create a separate offense; (2) this court held

---

[8] Id.

[9] United States v. Habig, 390 U.S. 222, 227 (1968) (internal quotation marks omitted).

[10] The statute provides, in relevant part, that "[n]o person shall be prosecuted, tried, or punished for a violation of, or a conspiracy to violate . . . section . . . 1014 . . . unless the indictment is returned or the information is filed within 10 years after the commission of the offense." 18 U.S.C. § 3293 (2000).

[11] This is the relevant portion of the statute: "Except as otherwise expressly provided by law, no person shall be prosecuted, tried, or punished for any offense, not capital, unless the indictment is found or the information is instituted within five years next after such offense shall have been committed." 18 U.S.C. § 3282(a).

4

in United States v. Odom[12] that a conviction for aiding and abetting a crime is not a violation of the substantive crime; (3) aiding and abetting has additional elements beyond the substantive charge; and (4) the absence of aiding and abetting language in § 1014 renders the special limitations period in § 3293 inapplicable. Through these arguments Rabhan seeks to demonstrate that the "expressly provided by law" requirement of § 3282(a) is not satisfied because § 2 is a separate offense from § 1014 that is not expressly mentioned in § 3293. As our canons of statutory construction instruct us to examine the language of the statute first, we start with the statute and our cases interpreting it before turning to the legislative history.

The basis for aiding and abetting liability is found in 18 U.S.C. § 2. Entitled "Principals," it states:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Although we have not previously addressed the interaction between § 2 and the statute of limitations applicable to the substantive offense that a person is alleged to have aided and abetted, we have previously noted: "An aidor-abettor [sic] is guilty in a derivative sense; his guilt is contingent on the acts of another. Courts have recognized this relationship by holding that aiding and abetting is governed by the statute of limitations applicable to the predicate offense."[13] Furthermore, we have noted that § 2 "does not establish a separate crime of 'aiding and abetting.' Rather, it allows a jury to find a person guilty of a

---

[12] 736 F.2d 150 (5th Cir. 1984) (per curiam).

[13] United States v. Loe, 248 F.3d 449, 458 (5th Cir. 2001) (footnotes omitted). Rabhan correctly points out that we did not decide today's question in that opinion.

substantive crime even though that person did not commit all acts constituting the elements of the crime."[14]  That is, "[Section 2] does not define a crime."[15]

This understanding is consistent with the language of § 2 and § 3293.  An aider and abettor would hardly be "punishable as a principal" if he could achieve repose even though the principal whom he aided and abetted could not. Furthermore, the inclusion of liability for aiding and abetting in a section entitled "Principals" highlights the conscious and intentional conflation in federal law of the previous common law distinctions between aiding and abetting and a substantive offense.[16]  Against this backdrop, it is clear why, as Rabhan points out, Congress felt compelled to mention conspiracy in § 3293.  Conspiracy requires express mention under the standard in § 3282 because it is a separate crime,[17] but aiding and abetting is simply a different method of demonstrating

---

[14] United States v. Pearson, 667 F.2d 12, 13 (5th Cir. Unit B 1982) (per curiam); accord United States v. Ellis, 525 F.3d 960, 963 (10th Cir. 2008) ("[A]iding and abetting is not an independent crime."); United States v. Stitzer, 785 F.2d 1506, 1519 n.7 (11th Cir. 1986) ("Aiding and abetting under [§ 2] is not a separate crime . . . .").

[15] Pearson, 667 F.2d at 13.  In fact, we might call this black-letter law.  See 22 C.J.S. Criminal Law § 169 (2008) ("Aiding and abetting is not a separate crime under 'aider and abettor' statutes . . . .").  The presence of "additional elements," as Rabhan highlights exist for liability through § 2, does not detract from this conclusion.  Proving association, participation, and intent is simply a different way of proving liability for the same activity criminalized elsewhere even if the aider and abettor did not himself commit all elements of the substantive offense.  See United States v. Vasquez, 953 F.2d 176, 183 (5th Cir. 1992) ("The defendant need not commit all elements of the substantive offense as long as he aided and abetted each element.").  Rabhan's citation to Blockburger v. United States, 284 U.S. 299 (1932), is inapposite.  Blockburger focused on disentangling whether, when there had only been one act, "the accused committed two offenses or only one."  Id. at 304.  "[T]wo distinct offenses" were created "upon the face of the statute."  Id. As we have demonstrated above, § 2 does not create a separate offense.  Read this way, the cases Rabhan cites for the "elements" of aiding and abetting are best understood as demonstrating an alternative method of proving the same offense, rather than for the proposition that § 2 establishes a separate offense.  The same is true for cases cited by Rabhan in which a person was "convicted" of aiding and abetting.

[16] See United States v. Bowen, 527 F.3d 1065, 1078 (10th Cir. 2008) ("The federal aiding and abetting statute does not create an independent crime; instead, it simply abolishes the common law distinction between principals and accessories.").

[17] Pearson, 667 F.2d at 13 ("While it is a natural initial reaction to analogize aiding and abetting with conspiracy, the two are quite different.  Conspiracy itself is a crime . . . .").

liability for the substantive offense (and one which is derivative of, rather than separate from, the underlying or substantive offense).[18]

When § 3293 says "[n]o person shall be prosecuted, tried, or punished for a violation of . . . section . . . 1014," its express mention of § 1014 is sufficient to establish a ten-year limitations period for a charge that a defendant committed the acts prohibited by § 1014. This is true whether the defendant himself committed the acts criminalized in § 1014 or "aid[ed], abet[ted], counsel[ed], command[ed], induce[d] or procure[d]" the commission of these acts.[19] Otherwise, the language of § 2 equating aiding and abetting liability with principal liability is meaningless. This is the same reason that we treat aiding and abetting as an alternative charge in every indictment.[20]

Understood this way, it is clear why Rabhan's contention that § 3293 does not expressly provide for a different statute of limitations from § 3282(a) must fail. As liability under § 2 simply affords a separate method of proving liability under § 1014, rather than constituting a separate offense, the provision of a separate statute of limitations for § 1014 expressly establishes a separate statute

---

[18] United States v. Neal, 951 F.2d 630, 633 (5th Cir. 1992) ("Aiding and abetting is not a separate offense, but it is an alternative charge in every indictment, whether explicit or implicit.").

[19] 18 U.S.C. § 2 (2000).

[20] See Neal, 951 F.2d at 633.

of limitations for an aider and abettor.[21]  A person is not guilty of a § 2 offense; rather, through § 2 a person is guilty of an underlying offense, such as § 1014.

No contrary intent was expressed by Congress in the 1951 amendment to § 2.  Congress simply wished to clarify that a person not capable of committing an offense because of a lack of the requisite official identity could nevertheless aid and abet commission of the offense.[22]  In this sense, § 2 is not definitional, but establishes a different method of proving liability for other offenses.  This does not detract, however, from the derivative nature of § 2 liability.  A person cannot violate § 2; he can only violate some other provision through § 2.  This is why our cases have consistently held that § 2 does not establish a separate offense.

Rabhan notes that United States v. Odom[23] referred to a conviction "pursuant" to § 2, but nothing we have said is inconsistent with this language. A conviction may be pursuant to § 2, but it is for the underlying offense. Otherwise, Odom is inconsistent with the cases of this and other circuits, and that is a reading that we would endorse only if unavoidable.[24]

---

[21] Section 3282(a) does not require that § 3293, or any other change to the default statute of limitations in § 3282(a), itself expressly mention aiders and abettors.  Instead, there need only be an express provision "by law."  Because § 2 is a provision of the law that expressly provides for aiders and abettors to be punished as principals, there is an express provision "by law" altering the statute of limitations in this case.

Further, § 3293 arguably does include aiders and abettors by its terms.  The statute does not say, "No person shall be prosecuted for committing a violation of section 1014," rather it says, "No person shall be prosecuted, tried, or punished for a violation of . . . section . . . 1014."  Rabhan is facing prosecution, trial, and punishment "as a principal" for the acts prohibited in § 1014.

[22] See S. Rep. No. 82-1020, § 17B (1951), reprinted in 1951 U.S.C.C.A.N. 2578, 2583.

[23] 736 F.2d 150 (5th Cir. 1984) (per curiam).

[24] In fact, Odom stands for exactly the proposition we discussed above, that a person not capable of committing a particular offense because he lacks the requisite identity (in Odom, the status of employer) can nevertheless aid and abet commission of that offense.  736 F.2d at 151-52.

8

The Second Circuit has taken a similar view on the relationship between statutes of limitations and derivative offenses.[25] In United States v. Campbell,[26] it held that the statute of limitations in 26 U.S.C. § 6531(7), which altered the five-year default rule in § 3282(a), applied to aiders and abettors of violations of 26 U.S.C. § 7214(a), the only section to which § 6531(7) refers. The court relied on the fact that "18 U.S.C. § 2 does not define a crime; rather it makes punishable as a principal one who aids or abets the commission of a substantive crime. There can be no violation of 18 U.S.C. § 2 alone; an indictment under that section must be accompanied by an indictment for a substantive offense."[27]

Rabhan attempts to distinguish this case by emphasizing that § 7214(a)(4)-(6) refers to those who "conspire[] or collude[] with any other person," "make[] opportunity for any person," or "do[] or omit[] to do any act with intent to enable any other person" to defraud the United States. He reasons that, because § 7214(a) contains language that could be construed as criminalizing aiding and abetting, a question we do not reach, the case is distinguishable: Section 6531(7) makes express reference to § 7214(a) but § 3293 does not so obviously refer to § 2. Therefore, he argues, it was unnecessary for the court to reach the question of the interplay between § 2 and a statute that extends the limitations period, but which only makes reference to the substantive offense.

Careful inspection of the Campbell decision reveals that this is not so. The defendant was convicted of

> conspiring with others to bribe an officer of the Internal Revenue Service and to defraud the United States of delinquent taxes owed by [another], in violation of 18 U.S.C. § 371 (1964) and of aiding and abetting a revenue officer in the receipt of an unlawful fee for the

---

[25] See United States v. Musacchia, 900 F.2d 493 (2d Cir. 1990), vacated on other grounds, 955 F.2d 3 (2d Cir. 1991); United States v. Campbell, 426 F.2d 547 (2d Cir. 1970).

[26] 426 F.2d at 553.

[27] Id.

performance of his official duty, in violation of 26 U.S.C. § 7214 (1964) and 18 U.S.C. § 2 (1964).[28]

The conviction for conspiracy was pursuant to § 371, not § 7214. And, because § 7214(a)(4)-(6) does not refer to receipt of an unlawful fee for the performance of official duties (the manner in which the court described the acts resulting in liability through § 2 for the § 7214 violation), but instead to acts that defraud the United States (the separate conviction, which the court classified as pursuant to § 371), the conviction through § 2 for § 7214 is better understood as pursuant to § 7214(a)(1)-(3) or (7)-(9). None of those provisions make reference to acts that could be understood as aiding and abetting. Thus, unless the extension of the limitations period in § 6531(7) includes convictions through § 2 for aiding and abetting violations of § 7214(a)(1)-(3) and (7)-(9), the Campbell court would have been required to reach a different result. Therefore, the cases are not distinguishable, which, in any event, would only leave the issue unresolved in the Second Circuit, hardly a persuasive discovery given our dicta in United States v. Loe[29] and related decisions.

Additionally, the Fourth Circuit has held, albeit in an unpublished opinion, that a defendant who pleaded guilty to "one count of aiding and abetting the use of fire to commit a federal felony in violation of 18 U.S.C. §§ 2, 844(h)," was subject to a ten-year statute of limitations.[30] Although the court did not analyze the issue in detail, it held that the ten-year period of limitation from 18 U.S.C. § 3295 applied. This section states that "[n]o person shall be prosecuted, tried, or punished for any non-capital offense under section 81 or subsection (f), (h) or (i) of section 844 unless the indictment is found or the information is instituted not later than 10 years after the date on which the offense was

---

[28] Id. at 548 (footnote omitted).

[29] 248 F.3d 449, 458 (5th Cir. 2001).

[30] United States v. Marcum, 199 F. App'x 261, 262-63 (4th Cir. 2006) (per curiam).

10

committed." As § 844(h) does not specifically mention aiding and abetting, the court must have employed the same or similar logic as we do in this case and the Second Circuit did in Campbell.

## III.  CONCLUSION

Today we decide the issue left open in United States v. Loe[31] in conformity with the reasoning and practices of other circuits.  Aiding and abetting is a form of derivative liability and should be treated the same as the substantive or underlying offense.  We hold that the ten-year statute of limitations for 18 U.S.C. § 1014 as contained in 18 U.S.C. § 3293 applies to a charge through 18 U.S.C. § 2 of aiding and abetting a violation of § 1014.  Accordingly, the July 18, 2007, order of the district court is REVERSED and the case is REMANDED for further proceedings consistent with this opinion.

---

[31] 248 F.3d at 458.