**IN THE UNITED STATES COURT OF APPEALS**
 **FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2012

Lyle W. Cayce
Clerk

No. 11-60447
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSEPH WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 2:09-CR-19-1

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Joseph Williams appeals his convictions for 19 counts of obtaining money by uttering forged securities, arguing that the evidence was insufficient to support his convictions because it did not establish beyond a reasonable doubt and to the exclusion of every reasonable hypothesis to the contrary that he knew the checks had been forged; that he deposited the checks; or that he acted with the specific intent to defraud. Williams preserved this issue for appellate review because he did not present any evidence and he moved for a judgment of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

acquittal when the Government rested. *See United States v. DeLeon*, 247 F.3d 593, 596 n.1 (5th Cir. 2001).

If the evidence is viewed in the light most favorable to the Government, a rational fact finder could have found beyond a reasonable doubt that Williams uttered the forged checks at issue with intent to deceive another person or organization. *See United States v. Elashyi*, 554 F.3d 480, 491 (5th Cir. 2008). The checks were made payable to Methodist Healthcare and related organizations; the checks had hand-written forged endorsements stating "for deposit only"; the checks were deposited into a business account in the name of Williams's corporation, Absolute, Inc.; Williams was not an employee of Methodist, and Absolute, Inc., had not done work for Methodist; Williams converted the money obtained from the checks to his own personal use; and Regions Bank suffered a total loss of $35,143.31. A jury could reasonably infer that Williams knew he was not entitled to the funds because he did not put any identifying information on the endorsements of the checks. *See United States v. Ramos-Cardenas*, 524 F.3d 600, 605 (5th Cir. 2008). A jury could also reasonably infer that Williams acted with intent to deceive Regions Bank as he converted the funds obtained from the checks to his own personal use despite the fact that he had no right to receive these funds. *See id.* Contrary to Williams's argument, the evidence need not exclude every reasonable hypothesis of innocence. *See United States v. Dien Duc Huynh*, 246 F.3d 734, 742 (5th Cir. 2001). Therefore, the evidence was sufficient for a rational trier of fact to find that Williams uttering the forged checks with intent to deceive Regions Bank, that he knew the checks were forged, and that he acted with specific intent to deceive Regions Bank. *See United States v. Chappell*, 6 F.3d 1095, 1098 (5th Cir. 1993).

Williams argues that the district court erred in granting the Government's request to give an aiding and abetting jury instruction; the indictment did not charge him with aiding and abetting; the evidence did not support the

instruction; and the Government unfairly surprised him by requesting the instruction right before the trial, instead of 10 days before the trial as required by the district court's rules. Williams objected and preserved this issue for appellate review. *See United States v. Daniels*, 281 F.3d 168, 183 (5th Cir. 2002).

This court did not abuse its discretion in giving the instruction as an indictment need not include an aiding and abetting charge. *See United States v. Sorrells*, 145 F.3d 744, 752 (5th Cir. 1998). The evidence supported the aiding and abetting charge as the evidence established that either Williams or another person forged the endorsements and deposited the checks into his corporate account and that Williams converted the funds obtained from the checks to his personal use. *See United States v. Mendoza-Medina*, 346 F.3d 121, 132 (5th Cir. 2003). Williams has not shown that he was unfairly surprised or prejudiced as it is well-established that "[a]iding and abetting is not a separate offense, but it is an alternative charge in every indictment, whether explicit or implicit." *United States v. Rabhan*, 540 F.3d 344, 349 n. 18 (5th Cir. 2008) (internal quotation marks and citation omitted).

AFFIRMED.