# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-50988
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 17, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

GONZALO HERNANDEZ-ALAMILLA, also known as Gonzalo Hernandez,
also known as Gonzalo Bryan Hernandez, also known as Gonzalo Alamilla,
also known as Gonzalo Almailla-Hernandez, also known as Chaka,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 5:15-CR-215-1

Before KING, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

The attorney appointed to represent Gonzalo Hernandez-Alamilla has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Hernandez-Alamilla has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.

Nevertheless, counsel asserts that there is a clerical error in the written judgment because it does not include "Aiding and Abetting" in the description of the nature of the offense, nor does it include "18 U.S.C. § 2" as a violated statutory provision. Even without the inclusion of "Aiding and Abetting," the judgment correctly describes the nature of the offense, and thus this omission need not be corrected. *See United States v. Rabhan*, 540 F.3d 344, 348 (5th Cir. 2008). However, it will not prejudice the Government if the district court corrects the judgment on remand to include "18 U.S.C. § 2" in the list of violated provisions. Accordingly, counsel's motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSED. *See* 5TH CIR. R. 42.2. The case is REMANDED to the district court for the limited purpose of correcting the judgment to add "18 U.S.C. § 2" to the list of violated statutory provisions. *See* FED. R. CRIM. P. 36.