# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2021

Lyle W. Cayce
Clerk

No. 20-61192
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

BOBBY EARL KEYS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:11-CR-79-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:[*]

Bobby Earl Keys, federal prisoner # 03344-043, pleaded guilty to mail fraud in violation of 18 U.S.C. § 1341. The district court sentenced him to 150 months of imprisonment followed by three years of supervised release. Keys now appeals the district court's refusal to reconsider its denial of his

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-61192

motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018 (FSA), Pub. L. No. 115-391, § 404, 132 Stat. 5194. Whether this appeal is considered an appeal from the denial of a § 3582(c)(1)(A)(i) motion or an appeal from the denial of a motion for reconsideration, review is for abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *United States v. Rabhan*, 540 F.3d 344, 346-47 (5th Cir. 2008).

According to Keys, the district court misunderstood the breadth of its authority to grant relief under the compassionate release statute as amended by the FSA. Keys complains that the district court treated U.S.S.G. § 1B1.13, p.s., as binding and limited its consideration of extraordinary and compelling reasons to those listed in Application Note 1 of its commentary even though the policy statement does not, by its own terms, apply in cases where a motion for compassionate release is brought by a prisoner and not the Bureau of Prisons. He further argues that the district court erred in balancing the 18 U.S.C. § 3553(a) factors, especially with respect to his criminal history.

Keys has also filed a motion seeking a limited remand to the district court for additional consideration of his request for compassionate release. Additionally, he has moved for release pending the disposition of his appeal under 18 U.S.C. § 3143(b)(1).

Here, the district court cited to and quoted § 1B1.13, p.s., and its commentary, but it is not clear from the court's order that it treated § 1B1.13, p.s., as the dispositive boundary of what may be judicially determined to be extraordinary and compelling reasons for a sentence reduction. We need not resolve whether the district court's consideration of § 1B1.13, p.s., constituted legal error because, aside from its determination that Keys had failed to establish extraordinary and compelling reasons for a sentence

reduction under § 3582(c)(1)(A)(i), the court also concluded that Keys had not shown that the § 3553(a) factors weighed in favor of early release.

Keys challenges the district court's consideration of the § 3553(a) factors, especially its reliance on his prior armed bank robbery conviction, which is nearly 30 years old. He claims that despite his criminal history, his post-sentencing conduct shows that he is no longer a danger to the public.

Despite Keys's claim to the contrary, the district court gave due consideration to his post-sentencing rehabilitative efforts and his lack of any significant disciplinary infractions while incarcerated. Though Keys claims that the district court gave too much weight to his criminal history, his argument amounts to a mere disagreement with the court's balancing of the § 3553(a) factors, which "is not a sufficient ground for reversal." *Chambliss*, 948 F.3d at 694 (citation omitted).

The district court's order is AFFIRMED. Keys's motion for limited remand is DENIED, and his motion for release pending the disposition of his appeal is DENIED as moot.