# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2021

Lyle W. Cayce
Clerk

No. 20-10251
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JIMMY STEELE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-87-1

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

A jury found Jimmy Steele, federal prisoner # 36989-177, guilty of possession with the intent to distribute 500 grams or more of a substance containing cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B), possession of a firearm in furtherance of a drug trafficking offense in violation of 18

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-10251

U.S.C. § 924(c), and possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He was sentenced as a career offender to a total of 360 months of imprisonment and eight years of supervised release. He appeals the district court's denial of his motion for compassionate release or for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) and the denial of his motion for reconsideration.

We review a district court's decision denying a motion for compassionate release and a motion for reconsideration for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *United States v. Rabhan*, 540 F.3d 344, 346-47 (5th Cir. 2008). A district court abuses its discretion if it bases its decision on an error of law or a clearly erroneous assessment of the evidence. *United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011).

While the district court discussed U.S.S.G. § 1B1.13 in its order, there is nothing in the record to indicate that it felt bound by this policy statement and its commentary. Instead, the record shows that the district court's denial of relief was also based on its balancing of the 18 U.S.C. § 3553(a) factors and that the district court did not abuse its discretion by denying the motion. *See United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021); *Chambliss*, 948 F.3d at 693. Steele's arguments amount to a disagreement with the district court's weighing of the § 3553(a) factors, which does not suffice to show error. *See Chambliss*, 948 F.3d at 694. Furthermore, Steele has not shown that the district court abused its discretion in denying his motion to reconsider. *See Rabhan*, 540 F.3d at 346-47.

Accordingly, the judgment is AFFIRMED.

2