# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 23, 2021

Lyle W. Cayce
Clerk

No. 20-11273
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

KEVIN D. MOORE,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:07-CR-125-1

Before STEWART, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:*

Kevin D. Moore, federal prisoner # 36285-177, seeks leave to proceed in forma pauperis (IFP) on appeal so that he may challenge the district court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and his motion for reconsideration. According to Moore, the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-11273

district court's failure to specifically discuss or refute the allegations made in his affidavit render those facts true.  He maintains that he was entitled to release based on the inability of the Bureau of Prisons (BOP) to prevent the spread of COVID-19 and based on failures in the BOP's monitoring and treatment of other medical issues.  In addition, Moore alleges that because the district court imposed sentencing enhancements based on judge-found facts and increased his sentence based on inapplicable enhancements, the length of his original sentence should not weigh against compassionate release.

By moving in this court to proceed IFP, Moore challenges the district court's certification that his appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  We review the district court's certification for abuse of discretion.  *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).  Our inquiry into Moore's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)."  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

We review the denial of a motion for compassionate release or for the denial of a motion for reconsideration for an abuse of discretion.  *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *United States v. Rabhan*, 540 F.3d 344, 346-47 (5th Cir. 2008).  The district court explicitly stated in the motion for reconsideration that it had considered Moore's arguments in his motion and his affidavit but concluded that he was not entitled to the relief requested.  Moreover, the court ruled in its denial of compassionate release that even if Moore had shown extraordinary and compelling circumstances under § 3582(c)(1)(A)(i), the seriousness of the offense required that Moore serve his full sentence.  *See* 18 U.S.C. § 3553(a)(1), (2)(a).  In addition, the district court ruled that Moore would be a danger to the public if he were released from custody.  *See*

2

No. 20-11273

§ 3553(a)(2)(C). Moore does not dispute the district court's finding that reducing his sentence would fail to adequately reflect the seriousness of his offense or protect the public.

In light of the above, the district court did not abuse its discretion by denying IFP certification. *See Carson*, 689 F.2d at 586. Therefore, we deny the motion to proceed IFP on appeal. Because the merits of Moore's appeal are so intertwined with the certification decision as to constitute the same issue, we dismiss the appeal as frivolous. *See Baugh*, 117 F.3d at 202 & n.24.

MOTION TO PROCEED IFP DENIED; APPEAL DISMISSED AS FRIVOLOUS.