# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2022

Lyle W. Cayce
Clerk

No. 21-20649
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JULIA ANN POFF,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-669-1

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges*.
PER CURIAM:*

Julia Ann Poff, federal prisoner # 30835-479, filed seven motions in the district court. All were denied. She now appeals the denials.

Poff filed a motion to stay collection of the restitution order in her criminal sentence pending challenges to the sentence and a motion for leave

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

to file a repetitive petition for compassionate release due to COVID-19. The controversies underlying these motions no longer exist. These issues are moot. *See Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006).

The district court denied Poff's motion to view sealed material. This material was not relevant to the furtherance of any litigation. The district court also denied Poff's motion to reduce her sentence based on her record of rehabilitation. Neither of these motions had a basis in law. *See United States v. Early*, 27 F.3d 140, 142 (5th Cir. 1994). Poff has not shown that the district court erred in denying the motions.

Poff argues that the district court abused its discretion in denying her motion to modify the conditions of her supervised release to incur debt. The district court determined that, because she was still incarcerated, the challenge to the conditions of her supervised release was premature. Poff has not shown that this was an abuse of discretion. *See United States v. Carmichael*, 343 F.3d 756, 761, 762 (5th Cir. 2003).

Finally, Poff challenges the denials of her two motions seeking release based on COVID-19. We review such denials for an abuse of discretion. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *United States v. Rabhan*, 540 F.3d 344, 346-47 (5th Cir. 2008). The amount of explanation required of the district court is dependent on the circumstances of the case, including prior proceedings. *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1965 (2018). Poff fails to establish that the district court's denials of her motions for compassionate release were abuses of discretion.

The judgment of the district court is AFFIRMED. Poff's motions seeking a ruling on her restitution issue, seeking to compel the district court to enter reasons for the denials, and seeking release pending appeal are DENIED AS MOOT.