# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-60081
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
November 7, 2024

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

LEONDUS GARRETT,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:19-CR-48-1

———————————————————————

Before WIENER, HO, and RAMIREZ, *Circuit Judges*.

PER CURIAM:[*]

Defendant-Appellant Leondus Garrett was convicted of possession with intent to distribute methamphetamine and was sentenced to 136 months of imprisonment. He appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release and his motion for reconsideration.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-60081

On appeal, Garrett disputes the district court's determination that his challenge to the Guidelines' distinction between actual methamphetamine and methamphetamine mixtures does not constitute an extraordinary and compelling reason justifying a reduction of his sentence. He also contends that the district court viewed the 18 U.S.C. § 3553(a) factors through a "false lens," asserting that the court failed to consider those factors in the context of the much lower guidelines range that would have applied had he been held accountable for a methamphetamine mixture rather than actual methamphetamine. He further contends that the district court "erred where it relied on erroneous 'facts' to prejudice [him] and denied relief based on a 'review' of the [§] 3553(a) factors." He insists that, because the Government's response to his § 3582(c)(1)(A)(i) motion failed to disagree with his arguments on the § 3553(a) factors and on his rehabilitation, the Government has conceded that he met the criteria for a sentence reduction.

We review the denials of Garrett's motions for abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693–94 (5th Cir. 2020); *United States v. Rabhan*, 540 F.3d 344, 346 (5th Cir. 2008). Here, the district court conducted an independent review of the § 3553(a) factors and determined that Garrett was not entitled to relief. In its denial of Garrett's motion for reconsideration, the district court determined that, even accepting as true Garrett's arguments regarding the court's exaggeration of his unlawful conduct, the § 3553(a) factors still weighed against an early release because of the serious nature of his crime. Moreover, Garrett's disagreement with the balancing of those factors is insufficient to show an abuse of discretion. *See Chambliss*, 948 F.3d at 694. Garrett has not demonstrated an abuse of discretion regarding this issue. *See Chambliss*, 948 F.3d at 693–94; *Rabhan*, 540 F.3d at 346.

Because the district court's independent consideration of the § 3553(a) factors provides a sufficient basis for affirmance, we need not

No. 24-60081

consider whether that court erred in determining that Garrett had failed to show extraordinary and compelling reasons warranting relief. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022).

AFFIRMED.