# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 4, 2025

Lyle W. Cayce
Clerk

No. 24-30355
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Carlos Humberto Heredia Rivadeneira,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:19-CR-51-1

_____

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Carlos Humberto Heredia Rivadeneira, federal prisoner # 38180-034, appeals the denial of his motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Subpart 1 of Part B of Amendment 821, as well as the denial of his motion to reconsider. We review the denials of these motions for abuse of discretion. *See United States v. Calton*, 900 F.3d 706,

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-30355

710 (5th Cir. 2018); *United States v. Rabhan*, 540 F.3d 344, 346-47 (5th Cir. 2008).

On appeal, Heredia Rivadeneira argues that he was eligible for a sentence reduction and that the district court's calculation of his amended guidelines range failed to recognize the court's downward departure from his original guidelines range. However, the order denying his § 3582(c)(2) motion expressly stated that the district court had considered his "motion," which we construe to include his supporting memorandum and its summary of the determinations of the Guidelines Amendment 821 Screening Committee that Heredia Rivadeneira was eligible for a comparable sentence reduction under U.S.S.G. § 1B1.10(b)(2)(B), p.s. Moreover, in response to a similar argument by Heredia Rivadeneira in his motion to reconsider, the district court specifically stated that it had considered the committee's eligibility determinations and recommendation.

Heredia Rivadeneira also contends that the 18 U.S.C. § 3553(a) factors warrant a sentence reduction. He argues that his history and characteristics have changed since his arrest in 2019, as demonstrated by his more mature age, his decreased likelihood of recidivism, his extensive efforts at rehabilitation while in prison, and his service of a significant portion of his prison term. The district court's order reflects that it considered the § 3553(a) factors, as well as Heredia Rivadeneira's motion and memorandum analyzing these factors, and determined that his 121-month sentence "remain[ed] necessary to reflect the seriousness of [his] offense, to promote respect for the law, and to provide just punishment for the offense." The district court also correctly noted in its denial of Heredia Rivadeneira's motion to reconsider that his arguments regarding his postconviction conduct and other mitigating factors amount to no more than a disagreement with the court's balancing of the § 3553(a) factors; his disagreement is not sufficient to show an abuse of discretion. *See United States v. Evans*, 587 F.3d

667, 672-73 (5th Cir. 2009). In addition, while Heredia Rivadeneira urges the application of the rule of lenity, he does not adequately explain how this rule applies to his § 3553(a) arguments. *Cf. Shular v. United States*, 589 U.S. 154, 165 (2020) (describing rule of lenity).

On this record, there is no basis for a determination that the district court abused its discretion in denying Heredia Rivadeneira's § 3582(c)(2) motion or his motion to reconsider. *See Calton*, 900 F.3d at 71; *Rabhan*, 540 F.3d at 346-47. Although Heredia Rivadeneira also asserts that the district court erred in failing to hold an evidentiary hearing, he has not identified any factual dispute and thus has not demonstrated that the district court plainly erred in failing to hold such a hearing sua sponte. *See Puckett v. United States*, 556 U.S. 129, 135 (2009); *cf. Dickens v. Lewis*, 750 F.2d 1251, 1255 (5th Cir. 1984).

AFFIRMED.