# United States Court of Appeals
# for the Fifth Circuit

---

No. 24-40281
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

April 3, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Jay Jurdi,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:12-CR-180-11

---

Before Smith, Stewart, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Jay Jurdi, federal prisoner # 20653-078, appeals the denial of his motion for compassionate release, filed pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), and the denial of his motion for reconsideration. Jurdi argues that the district court failed to consider and explain its reasons for rejecting his arguments regarding the extraordinary and compelling reasons

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

warranting compassionate release.  We review the district court's denials for abuse of discretion.  *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *United States v. Rabhan*, 540 F.3d 344, 346 (5th Cir. 2008).

Although Jurdi contends that the district court did not expressly address all the arguments raised in his § 3582(c)(1)(A)(i) motion, the district court was not required to do so.  *See Concepcion v. United States*, 597 U.S. 481, 501 (2022).  Here, the district court's order denying the § 3582(c)(1)(A)(i) motion indicates that it considered Jurdi's motion, the Government's response, the record, and the applicable law when reaching its conclusion that Jurdi failed to demonstrate extraordinary and compelling reasons warranting compassionate release.  While its initial analysis largely addressed Jurdi's arguments regarding COVID-19 and his rehabilitation efforts, the district court, in its order denying the motion for reconsideration, explicitly stated that it had considered Jurdi's arguments regarding "'excessive lockdowns/mental stress/punishment' and his 'low risk of reoffending', 'lack of disciplinary history', 'non-violent offender', and 'new legal and/or factual developments'" when it denied his compassionate release motion.  Accordingly, Jurdi has not shown that the district court abused its discretion when denying his motions.  *See Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018); *Chambliss*, 948 F.3d at 693; *Rabhan*, 540 F.3d at 346.

Moreover, Jurdi's failure to challenge the district court's explicit reasons for denying relief based on the COVID-19 pandemic results in the claim being abandoned.  *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *Brinkmann v. Dallas Cnty. Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).  To the extent that Jurdi raises a claim of relief pursuant to U.S.S.G. § 1B1.13(b)(5) based on "other reasons," we decline to consider this argument as it is raised for the first time in his reply brief.  *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 n.2 (5th Cir. 2006).

No. 24-40281

Accordingly, the decision of the district court is AFFIRMED. Jurdi's motion to summarily vacate and remand is DENIED.