# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 21, 2025

Lyle W. Cayce
Clerk

No. 24-20192
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Pedro Moreno,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:95-CR-142-3

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Pedro Moreno, federal prisoner # 71498-079, appeals the denials of his amended 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release and his subsequent motion for reconsideration. We vacated the district court's prior order denying the amended § 3582(c)(1)(A)(i) motion and remanded for further consideration following our decision in *United States v. Shkambi*,

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20192

993 F.3d 388 (5th Cir. 2021). *See United States v. Moreno*, No. 21-20139, 2022 WL 1652739, at *1 (5th Cir. May 24, 2022) (unpublished).

On appeal, Moreno cites numerous reasons purportedly justifying his compassionate release which, he contends, the district court improperly ignored: his unusually long sentence (in light of current Sentencing Guidelines and *United States v. Booker*, 543 U.S. 220 (2005)), his age and deteriorating health, his post-sentencing rehabilitation and minimal risk of recidivism, his prison disciplinary record and work history, numerous character letters, and the fact that he has served more than 30 years of his life sentence (during which time marijuana use has become more accepted in society and most of his coconspirators have been released from prison). He additionally argues that the district court failed to consider the foregoing reasons in analyzing the 18 U.S.C. § 3553(a) factors or, if it did, the court failed to explain why the cited reasons did not warrant relief under § 3553(a). We do not consider Moreno's argument, raised for the first time on appeal, that the district court improperly denied his motions based upon judicial bias. *See United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir. 2021).

We review the denials of both motions for an abuse of discretion. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *United States v. Rabhan*, 540 F.3d 344, 346 (5th Cir. 2008). Here, the record shows that the district court sufficiently considered *Shkambi* as well as the arguments raised by the parties before concluding, in light of Moreno's extensive and obstructive criminal conduct as an organizer of the marijuana-trafficking enterprise, that the § 3553(a) factors weighed against granting compassionate release. *See Chavez-Meza v. United States*, 585 U.S. 109, 116 (2018) (explaining that, in some cases, a district court's reasons for denial may be sufficient if the court "relied upon the record, while making clear that he or she has considered the parties' arguments and taken account of the § 3553(a) factors"). Further, although the court did not expressly address Moreno's

character letters, it was not required to explain its decision by making a "point-by-point rebuttal" of his arguments. *Concepcion v. United States*, 597 U.S. 481, 502 (2022).

To the extent that Moreno contends that the district court should have afforded his arguments for relief greater weight, his mere disagreement with the district court's balancing of the § 3553(a) factors is insufficient to show an abuse of discretion. *See Chambliss*, 948 F.3d at 694. Since he fails to show that the district court abused its discretion by denying his motions based upon its independent analysis of the § 3553(a) factors, *see id.* at 693-94; *Rabhan*, 540 F.3d at 346, it is unnecessary to consider whether Moreno established extraordinary and compelling reasons warranting compassionate release. *See United States v. Jackson*, 27 F.4th 1088, 1093 n.8 (5th Cir. 2022).

Accordingly, we AFFIRM the denials of compassionate release and reconsideration. The Government's motion to dismiss the appeal or, alternatively, for an extension of time is DENIED.