# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 4, 2025

Lyle W. Cayce
Clerk

———————

No. 24-50476

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Darwin Powell,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:18-CR-68-1

———————————————————

Before Jones, Stewart, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Darwin Powell appeals the district court's denial of his motion to reconsider an order lifting an agreed stay of forfeiture proceedings. He argues that the district court erred by denying his motion to reconsider without allowing him time to file a reply to the Government's response and

———————————

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

without holding an evidentiary hearing. He also argues that the district court erred by denying his motion to reconsider.

We review the denial of the motion to reconsider for an abuse of discretion. *See United States v. Rabhan*, 540 F.3d 344, 346 (5th Cir. 2008).

The district court did not abuse its discretion by not waiting on a possible reply from Powell before ruling on his motion to reconsider and by not holding an evidentiary hearing. Neither the applicable federal nor local criminal rules address replies to a response to such motions, and the district court considered Powell's initial motion to reconsider, the Government's response, and the evidence in the record when denying the motion. *See* Fed. R. Crim. P. 47; W.D. Tex. Crim. R. 47.

As to the motion to reconsider itself, the relevant part of the parties' agreement provided that forfeiture would be stayed "until the conclusion of [Powell's] direct appeal and any proceedings before the United States Supreme Court." Powell argues that, because a 28 U.S.C. § 2255 motion could eventually come before the Supreme Court, the stay agreement still applies. Such an interpretation of the agreement is not "reasonable." *See United States v. Loza-Gracia*, 670 F.3d 639, 642 (5th Cir. 2012). Powell's "direct appeal" concluded when this court affirmed his conviction, including the forfeiture order, and the Supreme Court denied certiorari. *United States v. Powell*, No. 22–50294, 2023 WL 3179200 (5th Cir. May 1, 2023); *Powell v. United States*, 144 S. Ct. 166 (2023) (denying cert.). The district court did not abuse its discretion by denying Powell's motion to reconsider an order lifting the stay of forfeiture proceedings.

We AFFIRM.