# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2025

Lyle W. Cayce
Clerk

_____

No. 25-60388
Summary Calendar

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Zane Michael Bonner,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:22-CR-24-1

_____

Before Elrod, *Chief Judge*, and Smith and Stewart, *Circuit Judges*.
Per Curiam:[*]

Zane Michael Bonner, federal prisoner #11707-003, appeals the district court's order denying his motion under 18 U.S.C. § 3582(c)(2) for a reduction in his 211-month sentence for possession of any visual depiction of a minor engaging in sexually explicit conduct and its order denying his motion for reconsideration. Bonner argues that the district court's orders should be

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

reversed to protect the important goal of consistency in the sentencing process and to ensure that his sentence will be consistent with sentences ordered for similarly situated defendants who are sentenced after the effective date of Part A of Amendment 821 to the Sentencing Guidelines.

We review for abuse of discretion a district court's denial of a motion for a sentence reduction under § 3582(c)(2), as well as its denial of a motion for reconsideration. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018); *United States v. Rabhan*, 540 F.3d 344, 346–47 (5th Cir. 2008). Bonner has not shown that similarly situated defendants who committed similar offenses have received lesser sentences. *See* 18 U.S.C. § 3553(a)(6). His argument that similarly situated defendants who are sentenced after November 1, 2023, and who receive the benefit of Amendment 821 will receive a lesser sentence is pure conjecture. *Cf. United States v. Smith*, 595 F.3d 1322, 1323 (5th Cir. 2010) (rejecting the suggestion that a district court must grant a § 3582(c)(2) motion based on an amendment to the Guidelines because failing to do so creates unwarranted sentencing disparities).

Accordingly, Bonner has failed to demonstrate that the district court abused its discretion in denying his § 3582(c)(2) motion for a sentence reduction and motion for reconsideration. *See Calton*, 900 F.3d at 710; *Rabhan*, 540 F.3d at 346–47. The orders of the district court are AFFIRMED.