# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————————

No. 16-41505
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

October 25, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

TOMAS RODRIGUEZ,

Defendant - Appellant

————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:10-CR-17-1

————————

Before BARKSDALE, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Tomas Rodriguez, federal prisoner # 64998-279, was sentenced, *inter alia*, to 192 months' imprisonment. Proceeding *pro se*, he challenges the denial of a sentence reduction under 18 U.S.C. § 3582(c)(2), pursuant to Amendment 782 to Sentencing Guideline § 2D1.1.

In 2010, after officers found 500.75 kilograms of marijuana and at least 19.98 kilograms of cocaine concealed in a tractor-pulled, tanker-trailer driven

———————————

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-41505

by Rodriguez, he pleaded guilty to knowingly and intelligently possessing, with the intent to distribute, 19.98 kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  Taking into account his acceptance of responsibility, the amount of drugs for which he was responsible, and his extensive criminal past, the court determined Rodriguez' Guidelines sentencing range was 188 to 235 months' imprisonment, with a statutory-minimum sentence of 10 years' imprisonment.  Rodriguez was sentenced to 192 months' imprisonment.  He did not appeal.

In 2015, on Rodriguez' behalf, the court considered, *sua sponte*, a possible 18 U.S.C. § 3582(c)(2) reduction of his sentence.  Although the court determined Rodriguez was eligible for a reduction under Amendment 782, it denied a reduction, noting its decision was "based upon the further need to protect the community".

In 2016, Rodriguez moved to reduce his sentence under, *inter alia*, Amendment 782 and 18 U.S.C. § 3582(c)(2), asserting he was responsible for only five kilograms of cocaine, and seeking a sentence of 57 months' imprisonment.  Having already denied, *sua sponte*, a reduction under 18 U.S.C. § 3582(c)(2), the court construed Rodriguez' motion as one for reconsideration.

In determining whether to reduce a sentence under 18 U.S.C. § 3582(c)(2), the court must first determine whether a defendant is eligible for a sentence modification.  *Dillon v. United States*, 560 U.S. 817, 826–27 (2010).  If a defendant is eligible, the court must then consider any applicable 18 U.S.C. § 3553(a) factors to decide whether, in its discretion, the authorized reduction is warranted in whole or in part.  *Id.* at 827.  Whether this appeal is considered an appeal from the denial of an 18 U.S.C. § 3582(c)(2) motion or an appeal from the denial of a motion for reconsideration, review is for abuse of discretion.

2

No. 16-41505

*United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011); *United States v. Rabhan*, 540 F.3d 344, 346–47 (5th Cir. 2008).

Rodriguez' assertion he possessed only five kilograms of cocaine (despite pleading guilty to possession of 19.98 kilograms) is "not cognizable under § 3582(c)(2)". *United States v. Evans*, 587 F.3d 667, 674 (5th Cir. 2009), *cert. denied*, 561 U.S. 1011 (2010) (internal citations omitted). Factual issues related to original sentencing are not appropriately raised in 18 U.S.C. § 3582(c)(2) motions. *Id.* In short, an 18 U.S.C. § 3582(c)(2) proceeding is not a full resentencing and does not provide a prisoner the opportunity to challenge his original sentence. *Dillon*, 560 U.S. at 825–26; *United States v. Whitebird*, 55 F.3d 1007, 1011 (5th Cir.1995); U.S.S.G. § 1B1.10(a)(3).

Likewise, Rodriguez' assertion that the court erred by relying on his criminal history in denying his sentence reduction is meritless. A court abuses its discretion when it fails to weigh the relevant sentencing factors listed in 18 U.S.C. § 3553(a). The court weighted relevant 18 U.S.C. § 3553 factors; criminal history and need to protect the public are each relevant factors, properly considered by the court. 18 U.S.C. § 3553(a)(2)(A) ("The court . . . shall consider . . . the need for the sentence imposed to reflect the seriousness of the offense . . . to provide just punishment for the offense"); 18 U.S.C. §3553(a)(2)(C) ("to protect the public from further crimes of the defendant"). And, for obvious reasons, the weighing of those factors is left to the sound discretion of the trial court. Rodriguez has not shown the requisite abuse of discretion. *E.g.*, *United States v. Hernandez*, 645 F.3d 709, 712 (5th Cir. 2011).

AFFIRMED.