# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-41005
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 11, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

BALDOMERO VEGA, also known as El Viejo,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:11-CR-1667-15

Before SMITH, HAYNES, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Baldomero Vega, federal prisoner # 57724-080, moves for leave to proceed in forma pauperis (IFP) in appealing the district court's orders denying (1) his motion under 28 U.S.C. § 3582(c)(2) for a sentence reduction in light of Sentencing Guidelines Amendment 782, and (2) his motion to reconsider the order denying a sentence reduction. We pretermit the question whether Vega's notice of appeal was untimely with respect to the original order.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

By moving this court for leave to proceed IFP, Vega is challenging the district court's determination that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (cleaned up).

We review the orders denying Vega's motions for a sentence reduction and to reconsider the original order for abuse of discretion. *See United States v. Henderson*, 636 F.3d 713, 717 (5th Cir. 2011); *United States v. Rabhan*, 540 F.3d 344, 346 (5th Cir. 2008).

Vega contends the district court abused its discretion and failed to consider the statutory sentencing factors. Because he was sentenced at the bottom of the *original* guidelines range, Vega asserts he should have been resentenced at the bottom of *amended* guidelines range.

A district court has no obligation to grant a sentence reduction, and it is not required to explain its application of the statutory sentencing factors in ruling on a § 3582(c)(2) motion. *Henderson*, 636 F.3d at 718; *United States v. Evans*, 587 F.3d 667, 673 (5th Cir. 2009). "A court satisfies its obligation to review the § 3553(a) factors if it can be determined from the record that it 'gave due consideration to the motion as a whole, and implicitly to the factors set forth in § 3553(a).'" *Henderson*, 636 F.3d at 718 (quoting *United States v. Whitebird*, 55 F.3d 1007, 1010 (5th Cir. 1995)). "[W]hen a 'court had those arguments in front of it when it made its determination . . . [this court] can assume that it considered them.'" *Henderson*, 636 F.3d at 718 (quoting *Evans*, 587 F.3d at 673).

Vega raised his argument that he should be resentenced at the bottom of the guidelines range in his motion to reconsider the order denying his

§ 3582(c)(2) motion. The court implicitly adopted its balancing of the sentencing factors as explained in its original order. No abuse of discretion has been shown. *See Henderson*, 636 F.3d at 717.

Vega also contends the district court failed to adequately consider his rehabilitation efforts and good behavior while incarcerated. But Vega failed to raise this point below, and in any event, the contention lacks any record support. Nor is it directed to the district court's reasons for its certification decision. *See Baugh*, 117 F.3d at 202.

In sum, Vega has failed to show that his appeal involves a nonfrivolous issue. *See Howard*, 707 F.2d at 220. His request for leave to proceed IFP on appeal is DENIED, and his appeal is DISMISSED. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Vega's motion for appointment of counsel is DENIED.