# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 17-11362
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**
July 2, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CHRISTOPHER T. KING,

Defendant - Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CR-103-1

————

Before JONES, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:*

Christopher T. King, federal prisoner # 43317-177 and proceeding *pro se*, challenges the denial of his 18 U.S.C. § 3582(c)(2) motion (as well as of his motion to reconsider the denial) to reduce his sentence of 240 months' imprisonment, imposed following his guilty-plea conviction for receipt of visual depictions of minors engaging in sexually explicit conduct, in violation of 18

---

* Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 17-11362

U.S.C. § 2252(a)(2), (b)(1).  King sought a modification of his sentence based on Amendments 795 and 801 to the Sentencing Guidelines.

King claims the district court erred in denying a sentence reduction because it refused to consider his assertions regarding Amendment 795 (modifying "not counted as a single sentence" to "not treated as a single sentence") and because Amendment 801 (narrowing distribution to knowingly engage in distribution) is a clarifying amendment that is retroactive.  We review for abuse of discretion both the decision whether to reduce a sentence pursuant to § 3582(c)(2) and the decision to deny a motion for reconsideration of such a denial.  *United States v. Evans*, 587 F.3d 667, 672 (5th Cir. 2009); *United States v. Rabhan*, 540 F.3d 344, 346 (5th Cir. 2008).  A district court's interpretation of the guidelines is reviewed *de novo*.  *Evans*, 587 F.3d at 672.

Section 3582(c)(2) permits the discretionary modification of defendant's sentence if he was sentenced to "a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission".  *United States v. Doublin*, 572 F.3d 235, 237 (5th Cir. 2009) (quoting § 3582(c)(2)).  Nonetheless, § 3582(c)(2) applies only to Guideline amendments made retroactive by the Sentencing Commission.  *Dillon v. United States*, 560 U.S. 817, 824–26 (2010).

Guideline § 1B1.10(d) does not expressly list either Amendment as a retroactive amendment for which a sentence reduction under § 3582(c)(2) may be granted.  Moreover, we have held that, except on direct appeal, a clarifying amendment is not applied retroactively unless the amendment is expressly listed as retroactive in the Guidelines.  *United States v. Drath*, 89 F.3d 216, 217–18 (5th Cir. 1996) (referring to then applicable list of retroactive amendments in Guideline § 1B1.10 (c)).  King cannot demonstrate the court erred by denying his § 3582(c)(2) motion after determining neither Amendment

No. 17-11362

provides a basis for the motion or that it abused its discretion in denying his motion to reconsider for the same reasons. *Dillon*, 560 U.S. at 826; *Evans*, 587 F.3d at 672; *Drath*, 89 F.3d at 217–18; U.S.S.G. § 1B1.10(d).

AFFIRMED.