# United States Court of Appeals
# for the Fifth Circuit

————————

No. 24-60369
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ROSLYN DEMETRIUS CHAPMAN,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:14-CR-36-1

———————————————————————

Before HIGGINBOTHAM, JONES, and OLDHAM, *Circuit Judges*.

PER CURIAM:[*]

Roslyn Demetrius Chapman, federal prisoner # 41881-298, appeals the district court's denial of her 18 U.S.C. § 3582(c)(2) motion to reduce her 199-month sentence for a controlled substance offense and the denial of her motion for reconsideration. Her motion was based on Subpart 1 of Part B of Amendment 821 to the Sentencing Guidelines.

————————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-60369

In the district court, the Government argued that a sentence reduction was not warranted because, among other things, Chapman had received several disciplinary infractions since she began her incarceration in January 2015, including an infraction for the use of drugs in November 2023. In response, Chapman argued that the November 2023 drug infraction was not legitimate because the positive drug test was the result of her having taken a prescribed weight loss medication. The district court, in denying relief, found that a sentence reduction "would not reflect the seriousness of the offense or protect the public and would otherwise be inconsistent with the relevant" 18 U.S.C. § 3553(a) factors and "would not serve as adequate deterrence in light of [Chapman's] disciplinary history while incarcerated, nor would it be consistent with the other" § 3553(a) factors. Citing U.S.S.G. § 6A1.3, p.s. and Federal Rule of Criminal Procedure 32(i), Chapman argues on appeal that the district court erred in denying her motions, contending that it failed to resolve a disputed sentencing factor: whether her November 2023 drug infraction was legitimate.

We review for abuse of discretion a district court's denial of a motion for a sentence pursuant to § 3582(c)(2) and denial of a motion for reconsideration. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018); *United States v. Rabhan*, 540 F.3d 344, 346-47 (5th Cir. 2008). While the district court did not explicitly adjudicate whether Chapman committed the November 2023 drug infraction, that infraction was one of many disciplinary infractions on her record, all of which the district court was entitled to consider in adjudicating her motions. *See* U.S.S.G. § 1B1.10, p.s., comment. (n.1(B)(iii)). Given her extensive disciplinary history, the district court appears to have regarded Chapman's post-sentencing conduct as disqualifying as a whole, despite her dispute as to a single infraction. In other words, given Chapman's extensive disciplinary history, it does not appear that there was any need for the district court to resolve the dispute over a

2

single infraction or that the single disputed infraction was necessarily critical to, much less had any meaningful impact on, the court's denial of her motions. Indeed, there is nothing in either of the district court's orders to indicate that the court put any emphasis on the November 2023 infraction—certainly neither order referred to that particular infraction, amongst all the other infractions, in any way.

Moreover, district courts ruling on § 3582(c)(2) motions are not required to conduct sentencing hearings under Rule 32 because § 3582(c) proceedings are not plenary resentencing proceedings. "By its terms, § 3582(c)(2) does not authorize a sentencing or resentencing proceeding," but rather "provides for the modification of a term of imprisonment by giving courts the power to reduce an otherwise final sentence in circumstances specified by the Commission." *Dillon v. United States*, 560 U.S. 817, 825 (2010) (internal quotation marks and alterations omitted). In this case, Chapman's § 3582(c)(2) motion sought "only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Id.* at 826. Accordingly, contrary to Chapman's argument, § 6A1.3(b) did not require the district court to hold a hearing to resolve whether the November 2023 infraction was legitimate in order for it to adjudicate her motions.

Based on the foregoing, there is no basis for a determination that the district court abused its discretion in denying Chapman's motions. *See Calton*, 900 F.3d at 710; *Rabhan*, 540 F.3d at 346-47. Accordingly, the orders of the district court are AFFIRMED.