# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-40509
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 14, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Saul Villanueva Garcia,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:14-CR-297-9

———————————————————

Before Southwick, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Saul Villanueva Garcia, federal prisoner # 66114-019, seeks to proceed in forma pauperis (IFP) on appeal from the denial of his February 2024 motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), and the denial of his motions for reconsideration. In his motions, Villanueva Garcia argued that he was eligible for a sentence reduction under Subpart 1 of Part

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

B of Amendment 821, because he was a zero-point offender and otherwise satisfied the criteria set forth in U.S.S.G. § 4C1.1(a) (2023).  The district court denied the motions, finding that Villanueva Garcia had failed to satisfy § 4C1.1(a)(10) (2023), because he received an aggravating role enhancement under U.S.S.G. § 3B1.1(a) when he was originally sentenced.

Through his IFP motion, Villanueva Garcia challenges the district court's determination that the appeal is not taken in good faith.  *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).  Our inquiry, therefore, "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'"  *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

Villanueva Garcia argues that the district court abused its discretion because it applied the amended § 4C1.1(a)(10)-(11) (2024), which was not in effect when he originally filed his motion.  However, the district court's orders make clear that it found that Villanueva Garcia was ineligible for a sentence reduction under Amendment 821 based on its own interpretation of § 4C1.1(a)(10) (2023), and only used the Sentencing Commission's then proposed Amendment 831 to demonstrate that its interpretation of § 4C1.1(a)(10) (2023) was consistent with the Sentencing Commission's intent.  Furthermore, Villanueva Garcia's argument that the district court misapplied § 4C1.1(a)(10) (2023) in denying his motion because he was never found to have engaged in a continuing criminal enterprise is foreclosed.  *See United States v. Morales*, 122 F.4th 590, 595 (5th Cir. 2024).

Villanueva Garcia additionally argues that the district court failed "to provide a reasoned explanation for denying" his motion.  However, the district court's three orders denying his motions for reconsideration make clear the district court's reason for denying relief.  Finally, Villanueva Garcia shows no abuse of discretion in the district court's denial of his motion,

No. 24-40509

notwithstanding the fact that the Government did not file an opposition or response.

Based on the foregoing, Villanueva Garcia has failed to show a nonfrivolous issue regarding whether the district court abused its discretion by denying him a § 3582(c)(2) reduction in sentence and denying his motions for reconsideration. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018); *United States v. Rabhan*, 540 F.3d 344, 346-47 (5th Cir. 2008); *Howard*, 707 F.2d at 220. Villanueva Garcia's motion to proceed IFP on appeal is therefore DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24 (5th Cir. 1997); 5TH CIR. R. 42.2.