# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 26, 2025

Lyle W. Cayce
Clerk

No. 24-40829

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Luis Mascarenas-Jaramillo,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-1422-4

_____

Before Stewart, Ho, and Ramirez, *Circuit Judges*.
Per Curiam:[*]

Luis Mascarenas-Jaramillo, federal prisoner # 80432-479, moves for leave to proceed in forma pauperis (IFP) in this appeal from the denial of his 18 U.S.C. § 3582(c)(2) motion for a sentence reduction based on Subpart 1 of Part B of Amendment 821 to the Sentencing Guidelines and his motion for reconsideration.  By moving to proceed IFP in this court, Mascarenas-Jaramillo is challenging the district court's ruling that he did not demonstrate

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

a nonfrivolous issue for appeal. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted).

In his IFP pleadings, Mascarenas-Jaramillo first argues that the district court abused its discretion in denying his motion for reconsideration, wherein he requested, inter alia, that the court impose a term of supervised release so that he would be eligible to apply credits earned through participation in "recidivism reduction programs or productive activities" toward early release under terms of the First Step Act. 18 U.S.C. § 3632(d)(4)(C); *see* 18 U.S.C. § 3624(g)(3). He contends that the district court erred in failing to impose a term of supervised release at sentencing because it was statutorily mandated on account of his 21 U.S.C. § 841(b)(1)(A) conviction. However, we do not reach this argument because Mascarenas-Jaramillo did not raise it in the district court and raises it for the first time in his IFP pleadings. *See United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir. 2021); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Regardless, because Mascarenas-Jaramillo received the benefit of the safety valve at sentencing, *see* U.S.S.G. § 2D1.1(b)(18), the district court was not required to impose a term of supervised release, *see* U.S.S.G. § 5C1.2(a).

Mascarenas-Jaramillo additionally argues that the district court abused its discretion because it failed to provide sufficient reasons for its denial of his motions. Contrary to Mascarenas-Jaramillo's assertion, however, a district court is not required to provide detailed reasons for denying a § 3582(c)(2) motion. *See United States v. Evans*, 587 F.3d 667, 673-74 (5th Cir. 2009). In this case, the district court explicitly stated that it considered Mascarenas-Jaramillo's motions, the 18 U.S.C. § 3553(a) factors,

and the record, including his presentence report. Based on its review, the court determined that the § 3553(a) "factors in favor of a reduction" were "outweighed by those factors that do not support a reduction," specifically citing the need for the sentence imposed to provide just punishment and deterrence. *See* 18 U.S.C. § 3553(a)(2)(A), (B). On this record, Mascarenas-Jaramillo has not shown that he has a nonfrivolous basis to challenge the sufficiency of the district court's reasons for denying a sentence reduction. *See United States v. Larry*, 632 F.3d 933, 936 (5th Cir. 2011); *Evans*, 587 F.3d at 673-74; *United States v. Whitebird*, 55 F.3d 1008, 1010 (5th Cir. 1995).

To the extent that Mascarenas-Jaramillo contends the district court erred because it failed to consider his rehabilitation arguments, he urged his rehabilitation arguments in both of his motions; the district court's orders make clear that it reviewed and considered his motions; and this court can assume that the district court considered those arguments in denying his motion, even if it did not explicitly address them. *See Evans*, 587 F.3d at 673. Insofar as Mascarenas-Jaramillo argues that the district court should have weighed the sentencing factors differently, such an argument is an invitation for this court to reweigh the sentencing factors and substitute its own judgment on appeal, which we will not do. *See United States v. Malone*, 828 F.3d 331, 342 (5th Cir. 2016); *Evans*, 587 F.3d at 673-74.

Mascarenas-Jaramillo has failed to show he has a nonfrivolous argument that the district court abused its discretion in denying his § 3582(c)(2) motion and his motion for reconsideration. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018); *United States v. Rabhan*, 540 F.3d 344, 346-47 (5th Cir. 2008); *Howard*, 707 F.2d at 220. Accordingly, his motion for leave to proceed IFP on appeal is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.