# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2026

Lyle W. Cayce
Clerk

No. 25-60419
Summary Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

DEXTER JONES,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:17-CR-23-1

_____

Before KING, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Dexter Jones, federal prisoner # 20556-043, is serving a 300-month sentence following his conviction for possession with intent to distribute more than 50 grams of actual methamphetamine. He seeks to appeal the district court's denial of a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and its motion for reconsideration. Jones states that, following

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

the subtraction of status points pursuant to Part A of Amendment 821 of the Sentencing Guidelines, his advisory guidelines range of life in prison would remain the same despite a decrease in his criminal history category from category III to category II. He argues, however, that the district court should have considered a further reduction of his 300-month sentence, which was imposed pursuant to Federal Rule of Criminal Procedure 35(b), in order to avoid unwarranted sentencing disparities.

We review for abuse of discretion a district court's denial of a sentence reduction pursuant to § 3582(c)(2) and denial of a motion for reconsideration. *See United States v. Calton*, 900 F.3d 706, 710 (5th Cir. 2018); *United States v. Rabhan*, 540 F.3d 344, 346-47 (5th Cir. 2008). To determine whether a defendant is eligible for a sentence reduction under § 3582(c)(2), a district court must first determine whether a reduction is permissible under U.S.S.G. § 1B1.10, p.s.; if the defendant is eligible, the court should then determine whether, and to what extent, to reduce the sentence in light of the 18 U.S.C. § 3553(a) factors. *Dillon v. United States*, 560 U.S. 817, 826-27 (2010). We may affirm the decision of the district court "on any grounds supported by the record." *United States v. McSween*, 53 F.3d 684, 687 n.3 (5th Cir. 1995).

The record indicates that after the subtraction of status points, Jones had four criminal history points and was still a criminal history category of III. He thus was not eligible for a reduction in sentence. *See Dillon*, 560 U.S. at 826-27; U.S.S.G. § 1B1.10(b)(1), p.s. Accordingly, the district court did not abuse its discretion in denying relief pursuant to § 3582(c)(2) and in denying Jones's motion for reconsideration. *See Calton*, 900 F.3d at 710; *Rabhan*, 540 F.3d at 346-47. The rulings of the district court are AFFIRMED.